# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

HELEN GRACE CALDWELL,

|  |  |  |  |
|---|---|---|---|
| Petitioner, | : | Case No. 1:26-cv-00317 | |

- vs -

District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

WARDEN/RESIDENTIAL
REENTRY MANAGER,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Helen Grace Caldwell under 28 U.S.C. § 2241 seeking release from her continued incarceration beyond what she contends was the maximum date for her incarceration authorized by Congress.

When Ms. Caldwell filed, the case was referred to Magistrate Judge Chelsey Vascura under Amended General Order 22-05. Because of Petitioner's request for expedited consideration, the Magistrate Judge reference was transferred to the undersigned (ECF No. 3) who then issued an Amended Order for Answer (ECF No. 8). Instead of filing an Answer under Rule 5 of the Rules Governing § 2254 Cases as had been ordered, the United States filed a Motion to Dismiss (ECF No. 11) to which Petitioner has responded within the time allowed by S. D. Ohio Civ. R. 7.2 (ECF No. 12). The time within which under the same Rule the United States Attorney could have filed a reply memorandum in support has now expired and the Motion is ripe for decision.

1

Respondent asserts the Petition is moot because Petitioner was in fact released from Bureau of Prison custody on April 13, 2026.  Respondent relies on *Demis v. Sniezek*, 558 F. 3d 508 (6th Cir. Mar. 9, 2009).  In that case the District Court had dismissed a habeas petition under § 2241 where the petitioner

> sought habeas relief under 28 U.S.C. § 2241, challenging the BOP's regulations prohibiting consideration of his transfer request. At the time Demis filed his application for a writ of habeas corpus, the district court plainly had jurisdiction to consider Demis' claim because Demis was incarcerated at FCI Elkton, and thus he satisfied the "in custody" provision of 28 U.S.C. § 2241(c).

558 F. 3d at 512.  Although the District Court had jurisdiction when Demis filed,

> While his petition for relief was pending before the district court, however, Demis was transferred to a CCC. The district court thus issued an order dismissing Demis' habeas application as moot. In addition, after Demis filed his notice of appeal, he was released from custody. The government thus challenges whether this Court has jurisdiction to hear Demis' appeal, contending that the case is moot both because Demis already was transferred to a CCC, as the district court concluded, and because Demis now has "served his imprisonment sentence completely and was released from custody on September 28, 2007." Resp. Br. at 7.

*Id.* at 512-13.  The court found that at least two other panels of the Sixth Circuit had reached the same results.  *Id.*  It rejected contrary authority from the Second and Ninth Circuits. *Id.*

Ms. Caldwell attempts to distinguish *Demis*, arguing the case "did not involve miscalculated credits, overserved custody, or collateral consequences. Petitioner's injury remains live because 134 days of unlawful custody continue to affect her supervised release, restitution, and legal status."  (Memorandum in Opposition, ECF No. 13, PageID 170).  Indeed, she argues that

> none of the Government's cases involved a situation where the Bureau refused to calculate earned-time credits, refused to review

2

> the release date, or refused to follow its own mandatory national guidance. None involved a petitioner whose release date was factually wrong. None involved a situation where the Bureau's refusal to act made administrative remedies unavailable. And none involved a petitioner who was released only because the statutory credit posting forced the system to update - not because the Bureau reviewed or corrected the error. . . .  The Government's cases do not address the issue presented here: whether a petitioner may seek judicial review of a miscalculated release date that resulted in overserved custody and continuing collateral consequences.

*Id.*

The differences between the cited precedent and this case are immaterial.  Petitioner invoked this Court's habeas corpus jurisdiction at a time when she was in custody within the meaning of 28 U.S.C. § 2241(c).  If she had continued in custody, this Court would have had jurisdiction to review the basis of her confinement.  But that jurisdiction disappeared when she was release from custody on April 13, 2026, a release she acknowledges.

Petitioner claims her case continues to be justiciable under the collateral consequences doctrine:

> Petitioner's claim is not moot because she continues to suffer ongoing legal and practical consequences arising from the Bureau of Prisons' failure to apply mandatory earned-time credits under 18 U.S.C. 3632(d)(4). Although Petitioner has been released from physical custody, she served 4.5 months (134 days) or unlawful imprisonment, representing 33.33% more custody than Congress authorized. This completed constitutional injury is not extinguished by her release and remains fully justiciable under the collateral consequences doctrine.

(Memo. in Opp., ECF No. 13, PageID 174).

Although she asserts the Supreme Court has "long held that a habeas petition challenging the validity or duration of custody is not moot where the petitioner continues to experience adverse consequences flowing from the challenged confinement," (*Id.*), she cites no case in which the Supreme Court has actually done so.  She describes those consequences in vague general terms:

3

"Petitioner's overserved time directly affects her supervised release, employment opportunities, financial stability, and legal status," but she does not suggest how that happens, how these consequences flow from her incarceration beyond the time allowed by Congress.

Habeas corpus is a test of the legality of a present custody; the relief in habeas is release from that custody. Petitioner may have a remedy in false imprisonment against the BOP personnel who kept her beyond what she contends was the correct release date. In the course of a false imprisonment action, she may be able to obtain judicial review of the length of her confinement. But that relief and any damages award that might result is not available in a habeas corpus action.

**Conclusion**

Because the habeas corpus claim made in this case is moot, it should be dismissed without prejudice on that basis. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.