# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

HELEN GRACE CALDWELL,

<table>
<tr><td>Petitioner,</td><td>:</td><td>Case No. 1:26-cv-00317</td></tr>
<tr><td>- vs -</td><td></td><td>District Judge Matthew W. McFarland<br>Magistrate Judge Michael R. Merz</td></tr>
<tr><td>WARDEN/RESIDENTIAL<br>REENTRY MANAGER,</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Respondent.</td><td></td><td></td></tr>
</table>

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Helen Grace Caldwell under 28 U.S.C. § 2241 seeking release from her continued incarceration beyond what she contends was the maximum date for her incarceration authorized by Congress.

On Motion to Dismiss filed by the United States (ECF No. 11), and relying on *Demis v. Sniezek*, 558 F. 3d 508 (6th Cir. Mar. 9, 2009) the undersigned recommended dismissal, finding the case moot because Petitioner has been released from custody (Report, ECF No.14).  Petitioner has objected (ECF Nos. 17 & 18).  District Judge McFarland has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 19).

Petitioner filed this case while she was still in the custody of the Bureau of Prisons.  This Court had habeas corpus jurisdiction because her custodian was geographically located in this judicial district.  She contended that her custody was being extended unconstitutionally because the Bureau of Prisons had miscalculated it beyond the time allowed by Congress.  Ultimately

1

Petitioner was released; she claims it was 134 days late.  The undersigned recommended dismissal because this habeas corpus court is no longer the appropriate venue for adjudicating what she herself characterizes as a "completed constitutional injury."

Petitioner begins her Objections:

> This matter is not a technical dispute over dates, nor is it rendered irrelevant by Petitioner's physical release. It concerns 134 days of unlawful overincarceration-a completed deprivation of liberty that continues to impose real-world consequences. Individuals in federal custody are not a monolith, and their cases cannot be reduced to stereotypes, administrative categories, or assumptions.

(ECF No. 17, PageID 188).

The Magistrate Judge agrees that "individuals in federal custody are not a monolith," but the litigation they bring must be classified according to settle categories of law and adjudicated according to the law applicable to those categories.

Habeas corpus is a remedy for unlawful continuing custody and Petitioner does not claim she is suffering ongoing custody.  Because of that, continuing to exercise jurisdiction here would violate the "case of controversy" limitation on federal jurisdiction.  Mootness is "the doctrine of standing set in a time frame." *Diaz v. Kinkela*, 253 F.3d 241 (6th Cir. 2001), *quoting Arizonians for Official English v. Arizona,* 520 U.S. 43, 68 n. 22 (1997).  Therefore, for a case to continue through the judicial system, it must continually possess what was required for the case to begin — a justiciable case or controversy as required by Article III.  *Diaz v. Kinkela*, 253 F.3d 241 (6th Cir. 2001), *citing Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Federal courts have no authority "to declare rules of law that cannot affect the matter at issue," *Cleveland Branch, NAACP v. City of Parma,* 263 F.3d 512, 530 (6th Cir. 2001).  "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v.*

2

*Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

To put the matter another way, this Court has no way by writ of habeas corpus to remedy the Petitioner's asserted injury.  If we were to do as she asks and find that her last 134 days were unconstitutional, we would have no remedy to offer.  We had jurisdiction when it was invoked, but we have lost that jurisdiction.  An opinion that she should have been released 134 days earlier would be just that, the opinion of a federal court which had lost its habeas jurisdiction by the Petitioner's release from custody.

Petitioner lists numerous substantial consequences of her imprisonment; whether she can prove they were all caused by extending it is a different question.  But the implications of her argument of habeas corpus jurisdiction are huge.  They are the kinds of consequences which routinely flow from being incarcerated – inability to care for a home, a pet, or family relationships.  But we do not attempt to remedy them in more common habeas cases.

Petitioner relies on *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), but the Sixth Circuit distinguished *Carafas* in the *Demis* case, *supra*.  In *Carafas* the relevant continuing consequences arose from the conviction, e.g., inability to be employed in certain businesses.  But here Petitioner attacks not her conviction (any such attack would be required to be under 28 U.S.C. § 2255), but her last 134 days of confinement.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge against respectfully recommends it be dismissed.  The dismissal should be without prejudice so that Petitioner can attempt to have her "completed constitutional injury" litigated in an appropriate

3

forum, perhaps the Federal Claims Court. Because reasonable jurists would not disagree with the

conclusion that this habeas corpus case is moot, it is also recommended that Petitioner be denied

a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would

be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.